**ST. JUDE MEDICAL, INC., Plaintiff,**

v.

**INTERMEDICS, INC. and CarboMedics, Inc., Defendants.**

**Civ. No. 4–84–267.**

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 14, 1985.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Before the court is a renewed motion by defendants CarboMedics, Inc. (CarboMedics) and Intermedics, Inc. (Intermedics) for summary judgment on the first and second causes of action in plaintiff St. Jude Medical Inc.'s (St. Jude's) amended complaint, or in its proposed second amended complaint.[1] Also before the court, are defendants' objections to the June 12, 1985 Report and Recommendation of Special Master Morris M. Sherman.

The procedural background of this dispute has been previously set out in the court's various opinions and will only be repeated here as it pertains to the antitrust claims. In a Memorandum Opinion and Order, dated April 3, 1985, the court denied defendants' motion to dismiss St. Jude's first and second causes of action, finding that they sufficiently alleged antitrust violations. At the same time, the court dismissed the third and fourth causes of action without prejudice. By Memorandum Opinion and Order dated May 8, 1985, the court denied without prejudice defendants' summary judgment motion on the first and second causes of action in St. Jude's amended complaint. The court found that summary judgment was inappropriate

---

1. On May 3, 1985, St. Jude moved for leave to file a second amended complaint. By Stipulation and Order dated May 17, 1985, St. Jude's motion was referred to Special Master Morris M. Sherman. By Order dated June 12, 1985, the Special Master recommended that St. Jude be allowed to amend its complaint to add a claim that 1) CarboMedics used its monopoly in carbon-coated components to force St. Jude out of the pacemaker market; 2) CarboMedics' discriminatory pricing in favor of Hemex violates the antitrust laws; 3) principals of CarboMedics, Hemex, and Intermedics individually conspired to monopolize; and 4) facts previously alleged in the seventh and eighth causes of action violate Texas and/or Canadian law. The defendants objected to the master's report and the parties have filed additional materials. In their motion for summary judgment, defendants have focused on the allegations of the proposed second amended complaint.

where discovery was incomplete. The court also stated that material issues of fact remained and that differing inferences might be drawn from the undisputed facts.

Discovery has now been essentially completed and trial is rapidly approaching. The court has carefully considered all the arguments and submissions of counsel but will forego a lengthy written discussion in order to render a prompt decision.

*Discussion*

I.  Motion for Summary Judgment

A.  First Cause of Action

In renewing their attack on the Section 2 Sherman Act claims in St. Jude's first cause of action,[2] defendants claim that St. Jude's allegations of exclusionary practices lack factual support. They also claim that CarboMedics' refusal to sell carbon-coated components was a proper exercise of its right to protect its patents. St. Jude responds that substantial evidence exists to support each of its allegations. It also contends that CarboMedics' stated reason for termination of supply—enforcement of patents—was a pretext and that it acted to squelch a promising competitor. Moreover, it argues that purity of motive cannot justify defendants' conduct if anticompetitive effects of that conduct are established.

■ The court has carefully scrutinized the parties' arguments concerning each § 2 Sherman Act allegation in St. Jude's proposed second amended complaint. Viewing the facts in a light most favorable to St. Jude and giving it the benefit of all reasonable inferences, as the court is required to do upon a motion for summary judgment, the court finds that genuine issues of material fact remain on each allegation. Even if defendants acted only to enforce CarboMedics' patents, an unresolved factual issue remains as to whether their conduct has foreclosed competition in an unnecessarily restrictive way. *See Aspen Skiing Co. v. Aspen Highlands Skiing Corp.,* —— U.S. ——, 105 S.Ct. 2847, 86 L.Ed.2d 467, 1985–2 Trade Cas. (CCH) ¶ 66,653 (1985); *Paschall v. Kansas City Star Co.,* 727 F.2d 692, 696 (8th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 222, 83 L.Ed.2d 152 (1984). And, as noted in the court's previous opinion, the evidence concerning CarboMedics' motivation for the supply cutoff is not such that only one reasonable conclusion may be drawn. Summary judgment is inappropriate when differing inferences may be drawn from the undisputed facts. *See Calnetics Corp. v. Volkswagen of America, Inc.,* 532 F.2d 674, 684 (9th Cir.), *cert. denied,* 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976).

■ Defendants also contend that St. Jude's allegations of Section 1 Sherman Act violations and Section 3 Clayton Act violations should be dismissed because the agreements in subparagraphs 21(b) and (c) did not cause the requisite anti-competitive effects.[3] St. Jude counters that the anticompetitive effects were substantial since it and other heart valve manufacturers were foreclosed from other potential suppliers of carbon-coated components. The court finds that issues of material fact remain as to these claims also.

B.  Second Cause of Action

St. Jude's second cause of action in its proposed second amended complaint alleges that CarboMedics has attempted to extend its monopoly in pyrolytic carbon-coated components to the market for prosthetic

---

**2.** St. Jude's first cause of action in its proposed second amended complaint alleges monopolization and restraint of trade of the pyrolytic carbon-coated components market in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. § 1 and § 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14. This proposed amendment differs very little from its first amended complaint. Paragraph 21(g) concerning discrimination by CarboMedics in favor of Hemex is new, as is ¶ 23(c) which alleges that the result of Car-

boMedics' actions has been to prevent St. Jude or others from developing an alternative source of pyrolytic carbon-coated heart valve components.

**3.** Subparagraphs 21(b) and (c) are the only allegations in St. Jude's proposed second amended complaint which purport to state Section 1 Sherman Act or Section 3 Clayton Act violations.

heart valves, bi-leaflet valves, and cardiac pacemakers in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2. It also alleges that CarboMedics has further violated Section 2 by attempting to monopolize interstate and foreign commerce of prosthetic and bi-leaflet heart valves, and has conspired with Intermedics, Hemex Scientific, Inc. (Hemex), G.R. Chambers, R.C. Chambers, and Bokros to monopolize interstate and foreign commerce of such valves.

### 1. Monopoly Extension

Defendants urge the court to reconsider its previous ruling that the monopoly extension doctrine or leveraging offense is a distinct offense under § 2 of the Sherman Act. They argue that the language of § 2 does not support the existence of a separate monopoly extension violation and that neither the United States Supreme Court nor the Eighth Circuit have ever specifically embraced such a distinct doctrine. St. Jude, on the other hand, cites and discusses various cases holding that the use of monopoly power in one market to gain an advantage, but not necessarily a monopoly, in another market, is a violation of § 2.

■ Substantial questions exist as to whether leveraging, as described in *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263 (2d Cir.1979), *cert. denied*, 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980), is an independent § 2 offense separate from monopolization and attempted monopolization.[4] The court need not reexamine its previous discussion or conclusively decide this issue at the present time, however, because even assuming that leveraging is a distinct § 2 offense, the record shows, as a matter of law, that defendants did not gain an unwarranted competitive advantage in the leveraged markets. It is undisputed that neither CarboMedics nor Intermedics has any share of

the world-wide market for prosthetic heart valves. Moreover, according to figures submitted by St. Jude, Hemex only captured 3% of the world-wide market for prosthetic heart valves in 1984.[5]

■ Similarly, St. Jude has not shown the requisite competitive impact on the cardiac pacemaker market. While the monopoly extension claim is based on gaining an advantage, and not necessarily a monopoly, in another market, courts have required that plaintiffs define not only the market in which monopoly power is allegedly held, but also the separate markets in which the leveraging has allegedly taken place. *See M.A.P. Oil Co., Inc. v. Texaco, Inc.*, 691 F.2d 1303, 1305–1308 (9th Cir.1982); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 275 (2d Cir.1979), *cert. denied*, 444 U.S. 1093, 100 S.Ct. 1061, 62 L.Ed.2d 783 (1980); *Grason Elec. v. Sacramento Mun. Util. Dist.*, 571 F.Supp. 1504 (E.D.Ca.1983). St. Jude has submitted no data which defines the pacemaker market; rather, it claims that proof of elimination by Intermedics of a potential competitor suffices. The court cannot agree. To amount to an unwarranted competitive advantage, the conduct must have an effect greater than its effect upon the plaintiff's business. *See, e.g., Gough v. Rossmoor Corp.*, 585 F.2d 381, 386 (9th Cir.1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1280, 59 L.Ed.2d 494 (1979); *Grason Elec. v. Sacramento Mun. Util. Dist.*, 571 F.Supp. 1504 (E.D.Ca.1983). The antitrust laws after all, "were enacted for the protection of competition, not competitors...." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 97 S.Ct. 690, 50 L.Ed.2d 70 (1977). Accordingly, this claim must be dismissed.

### 2. Attempt to Monopolize

■ Defendants once again refer to the prosthetic heart valve market to attack St.

---

4. Although the court in its Memorandum Opinion and Order dated April 3, 1985 denied defendants' Fed.R.Civ.P. 12 motion, the court noted that the doctrine of leveraging had received substantial academic criticism.

5. St. Jude has failed to demonstrate that the bi-leaflet heart valve market should be considered a separate submarket of the prosthetic heart valve market. No showing has been made that the two products are not reasonably interchangeable for antitrust purposes.

Jude's claim of attempted monopolization. They state that the undisputed facts demonstrate that St. Jude will be unable to show a dangerous probability of success, a necessary element of an attempt to monopolize. St. Jude, by contrast, asserts that monopoly power is defined not only by market share, but also by structural features of the relevant market such as nature and existence of entry barriers, potential competitors, and so forth. It asserts that CarboMedics has absolute control over the necessary components and thus a dangerous probability of achieving monopoly power.

It is settled law within this circuit that proof of a dangerous probability of success must include a showing of the relevant product and geographic market. *United States v. Empire Gas-Co.*, 537 F.2d 296 (8th Cir.1976), *cert. denied*, 429 U.S. 1122, 97 S.Ct. 1158, 51 L.Ed.2d 572 (1977). Where the defendant does not control a substantial share of the relevant market, the claim is unlikely to succeed. *See, e.g., id.* (50% market share does not establish dangerous probability of success even though conduct reflected a specific intent to monopolize); *Richter Concrete Corp. v. Hilltop Concrete Corp.*, 691 F.2d 818 (6th Cir.1982) (declining market shares from 40% to 30% does not prove dangerous probability of success). In the instant case, as mentioned above, it is undisputed that defendants have no present position in either the alleged bi-leaflet or prosthetic heart valve market. At most, Hemex represents 3% of the world-wide prosthetic heart valve market and does not yet have the Food and Drug Administration's (FDA) approval to market valves in the United States. Under these circumstances, a dangerous probability of success has not been demonstrated, and the allegations of an attempt to monopolize must be dismissed as a matter of law.

**6.** A defendants' market power has been deemed by some courts to be relevant in determining whether the defendant possessed the specific intent to monopolize. *See, e.g., Bowen v. New*

### 3. Conspiracy to Monopolize

Defendants argue that their lack of a significant market share bears on St. Jude's allegations of a conspiracy to monopolize as well. They maintain that the requisite intent to monopolize cannot be established when the market share in the markets which are the subject of the conspiracy is so small. Moreover, they assert that the facts established in discovery do not support the claim of conspiracy. St. Jude, of course, takes exception to these assertions.

The gravamen of a conspiracy to monopolize is the agreement to commit an illegal act. *American Tobacco Co. v. United States*, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946). The performance of some overt act in furtherance of the conspiracy is a necessary element, as is the specific intent to monopolize. *Id.* Specific intent to achieve monopoly power may be inferred from conduct. *Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984). Unlike an attempt to monopolize, plaintiff is not required to establish a dangerous probability of success in the relevant market to prove a conspiracy to monopolize. *American Tobacco Co. v. United States*, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946).[6]

In addition, certain legal tenets are applicable in conspiracy cases. In general, officers and employees of a single firm are legally incapable of conspiring among themselves or with their firm pursuant to *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). If corporate officers or employees act in their own interests, however, they may be legally capable of conspiring with their employers. *See, e.g., Tunis Bros. Co. v. Ford Motor Co.*, 763 F.2d 1482, 1985-1 Trade Cas. ¶ 66,633 at pp. 66,133–66,136 (3d Cir.1985). Moreover, a conspiracy between corporations might arise if the directors, officers, repre-

*York News, Inc.*, 522 F.2d 1242, 1258 (2d Cir. 1975), *cert. denied*, 425 U.S. 936, 96 S.Ct. 1667, 48 L.Ed.2d 177 (1976).

sentatives, or other employees are working for two or more entities. *See, e.g., Timken Roller Bearing Co. v. United States,* 341 U.S. 593, 71 S.Ct. 971, 95 L.Ed. 1199 (1951).

 Keeping these principles of law in mind and viewing the facts in a light most favorable to St. Jude, the court finds that material issues of fact remain on the conspiracy claims. Summary judgment is therefore inappropriate on the allegations in St. Jude's proposed second amended complaint which bear on the conspiracy claims.

**II. Objections to the Amended Complaint**

 Many of CarboMedics' objections to the Report and Recommendation of the Special Master, dated June 12, 1985, relate to the cardiac pacemaker claims and are now moot. After carefully considering the Special Master's Report and the parties' arguments concerning the other areas of amendment in its *de novo* determination, the court concludes that defendants will suffer no prejudice by permitting the proposed amendments.[7] The proposed amendments have already been the subject of extensive discovery and many merely restate factual allegations found in St. Jude's first amended complaint. The master's Report and Recommendation is hereby adopted, with the exception of that part which relates to the cardiac pacemaker market.

**ORDER**

Accordingly, based on the above and all the files, records, and proceedings herein, and upon the court's de novo determination of the record concerning amendment to which objection has been made,

IT IS HEREBY ORDERED that

1. The motion of CarboMedics, Inc. and Intermedics, Inc. for summary judgment is granted with respect to the allegations contained in the second cause of action in St. Jude's Medical Inc.'s proposed second

amended complaint setting forth an attempt to monopolize the bi-leaflet and prosthetic heart valve markets and a monopoly extension claim. These allegations are dismissed. In all other respects, the motion for summary judgment is denied.

2. St. Jude Medical, Inc. may file those portions of its proposed second amended complaint are not affected by the above summary judgment ruling.

---

**7.** These amendments concern the price discrimination claim, paragraph 21(g), the addition of individuals to the conspiracy allegations, and the allegations of violations of Texas or Canadian law. CarboMedics also made an objection under Fed.R.Civ.P. 8.